**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| OMEGA FOODS LLC,<br>Plaintiff,<br>v.<br><br>HORIZON ORGANIC DAIRY LLC<br>Defendant. | Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Omega Foods LLC ("Omega Foods") brings this Complaint and demand for a jury trial seeking relief for patent infringement by Horizon Organic Dairy LLC ("Horizon Organic"). Omega states and alleges the following:

The Parties

1. Omega Foods LLC is the plaintiff and owner of the Asserted Patents. Omega Foods is a limited liability company organized and existing under the laws of the state of Wisconsin, with its principal place of business located at 50762 Stump Ridge Road, Viroqua, Wisconsin. Omega Foods has pioneered over 60 functional foods and beverages enriched with the Omega-3 fatty acids, EPA and DHA. These are spread among all the major food categories, with products including peanut butter, sports drinks, smoothies, dairy, culinary sauces, olive oil, protein bars, fruit juices, refrigerated salad dressing, mayonnaise, yogurt, salted snacks, and nutritional drinks. It also has developed its TruMega oil as an ingredient as well as prototyped a wet encapsulated version, an enhanced bioavailability version (TruMega Gold), and a high-efficacy version (TruMega Gold +).

2. On information and belief, Defendant Horizon Organic Dairy, LLC ("Horizon Organic") is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 12303 Airport Way, Broomfield, Colorado

80021. Upon information and belief, Horizon Organic also does business under the trade name Horizon Family Brands®. Horizon Organic markets and sells across the United States a line of DHA-fortified milk and dairy products under the Growing Years® product name, including but not limited to milk, yogurt, and yogurt pouches. Horizon Organic can be served via its registered agent C T Corporation System, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

## Jurisdiction and Venue

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has specific personal jurisdiction over Horizon Organic because Horizon Organic conducts business in this State and in this District. Omega Foods' causes of action arise from Horizon Organic's contacts with and activities in this State and in this District. Upon information and belief, Horizon Organic has committed acts of infringement within this State and within this District by directly and/or indirectly using, selling, offering to sell, or importing products that infringe one or more claims of the Asserted Patents.

5. Horizon Organic has committed acts within this District giving rise to this action and has established sufficient minimum contacts with this State such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this District under 28 U.S.C. § 1391(b), (c), and 1400(b) because (1) Horizon Organic has done and continues to do business in this District, (2) Horizon Organic has a regular and established place of business in this District, and (3) Horizon Organic has committed acts of patent infringement in this District by making, using, selling, offering to sell, or importing products that infringe one or more claims of the Asserted Patents.

## The Asserted Patents

7. This is an action for infringement of U.S. Patent Nos. 12,635,720 ("the '720 Patent"), 11,490,630 ("the '630 Patent"), 11,589,594 ("the '594 Patent"), and 11,737,471 ("the '471 Patent") (collectively, the "Asserted Patents").

8. The '720 Patent is entitled "PREPARED FOODS HAVING HIGH EFFICACY OMEGA-6/OMEGA-3 BALANCED POLYUNSATURATED FATTY ACIDS" and was duly and legally issued by the United States Patent and Trademark Office on May 26, 2026. The '720 Patent stems from Application No. 17/175,457 filed on February 12, 2021. From the time of its issue to date, the entire right, title, and interest in and to the '720 Patent, including the right to sue for and collect past and future damages, has been assigned to, and solely owned by, Omega Foods. A true and correct copy of the '720 Patent is attached to this Complaint as Exhibit 1.

9. The '630 Patent is entitled "PREPARED FOODS HAVING HIGH EFFICACY OMEGA-6/OMEGA-3 BALANCED POLYUNSATURATED FATTY ACIDS" and was duly and legally issued by the United States Patent and Trademark Office on November 8, 2022. The '630 Patent stems from Application No. 17/497,843 filed on October 8, 2021. From the time of its issue to date, the entire right, title, and interest in and to the '630 Patent, including the right to sue for and collect past and future damages, has been assigned to, and solely owned by, Omega Foods. A true and correct copy of the '630 Patent is attached to this Complaint as Exhibit 2.

10. The '594 Patent is entitled "PREPARED FOODS HAVING HIGH EFFICACY OMEGA-6/OMEGA-3 BALANCED POLYUNSATURATED FATTY ACIDS" and was duly and legally issued by the United States Patent and Trademark Office on February 28, 2023. The '594 Patent stems from Application No. 17/860,066 filed on July 7, 2022. From the time of its issue to date, the entire right, title, and interest in and to the '594 Patent, including the right to sue

for and collect past and future damages, has been assigned to, and solely owned by, Omega Foods. A true and correct copy of the ’594 Patent is attached to this Complaint as Exhibit 3.

11. The ’471 Patent is entitled “PREPARED FOODS HAVING HIGH EFFICACY OMEGA-6/OMEGA-3 BALANCED POLYUNSATURATED FATTY ACIDS” and was duly and legally issued by the United States Patent and Trademark Office on August 29, 2023. The ’471 Patent stems from Application No. 18/156,907 filed on January 19, 2023. From the time of its issue to date, the entire right, title, and interest in and to the ’471 Patent, including the right to sue for and collect past and future damages, has been assigned to, and solely owned by, Omega Foods. A true and correct copy of the ’471 Patent is attached to this Complaint as Exhibit 4.

12. Omega Foods has not practiced any of the Asserted Patents since their respective issuances through commercial manufacture, sale, offer for sale, or importation of patented articles and, therefore, is exempt from the marking requirements under 35 U.S.C. § 287(a). Further, no licensee or sublicensee has made, sold, offered for sale, or imported any article practicing any claim of the Asserted Patents. Accordingly, Omega Foods’ ability to recover pre-suit damages is not barred by 35 U.S.C. § 287(a). To the extent that 35 U.S.C. § 287(a) applies, Omega Foods has complied with its obligations under that section.

## Background

### Horizon Organic’s Growing Years® Dairy Products Infringe

13. The claims of the Asserted Patents disclose a novel and unconventional formulation of food products having enhanced levels of omega-3 polyunsaturated fatty acids. As their shared specification notes, “developing foods enriched with the healthful omega-3 polyunsaturated fatty acids (‘PUFAs’) is a major challenge.” ’720 at 2:46-48. Most notably, long-chain omega-3 PUFAs such as DHA and EPA are highly susceptible to lipid oxidation which leads to the formation of

undesirable fishy and rancid off-flavors. *Id.* at 2:51-54. The claimed invention attempts to solve the problems caused by the undesirable effects of lipid oxidation. According to the inventors, "the present invention solves the problem of limited shelf life for storage of oil blends containing high amounts of omega-3 PUFAs and, as well, that of end products comprising high levels of omega-3 PUFAs." *Id.* at 2:65-3:2.

14. Horizon Organic infringes at least claim 1 of the '720 Patent, at least claim 1 of the '630 Patent, at least claim 1 of the '594 Patent, and at least claim 19 of the '471 Patent by making, using, selling, offering for sale, and/or importing into the United States its Growing Years® dairy products, including and especially Horizon Growing Years® milk, yogurt pouches, and drinkable yogurt. On information and belief, Horizon Organic Growing Years® DHA-fortified milk and yogurt products include, but are not limited to, HORIZON ORGANIC GROWING YEARS® WHOLE MILK, HORIZON ORGANIC GROWING YEARS® WHOLE MILK FOR KIDS, HORIZON GROWING YEARS® 2% REDUCED FAT MILK, HORIZON GROWING YEARS® 2% REDUCED FAT MILK FOR KIDS, HORIZON ORGANIC GROWING YEARS® LOW FAT STRAWBERRY YOGURT POUCH, HORIZON ORGANIC GROWING YEARS® LOW FAT BLUEBERRY YOGURT POUCH, HORIZON ORGANIC GROWING YEARS® CULTURED DAIRY SMOOTHIE – STRAWBERRY, and HORIZON ORGANIC GROWING YEARS® CULTURED DAIRY SMOOTHIE – BLUEBERRY (collectively referred to herein as "Horizon Organic Products"). Upon information and belief, all of the Horizon Organic Products have similar formulations and contain the claimed ingredients in the claimed weight ratios with the claimed amount of DHA, EPA, or both.

15. Claim 1 of the '720 states:

> A method for making a milk product having enhanced stability and bioavailability of omega-3 polyunsaturated fatty acids (PUFAs), comprising:

a. assembling:

i. a first fatty acid that is a long-chain omega-3 PUFA having at least 20 carbon atoms in its aliphatic tail;

ii. milk, which comprises a second fatty acid that is a short-chain omega-3 PUFA having fewer than 20 carbon atoms in its aliphatic tail; a third fatty acid that is an omega-6 PUFA; and a fourth fatty acid that is an omega-9 fatty acid;

wherein the milk and the milk product respectively include at least each of the second, third, and fourth fatty acids; and

b. adding the respective first, second, third, and fourth fatty acids, to the extent necessary, in any order, individually or in any combination thereof, to the milk for manufacture of the milk product, in respective amounts to result in the milk product having:

i. at least about 50 mg up to about 130 mg of the long-chain omega-3 PUFAs per standard serving, and

ii. weight ratios of:

1. omega-6 PUFAs to omega-3 PUFAs ranging from about 0.01:1 to about 2:1, respectively; and
2. short-chain omega-3 PUFAs to long-chain omega-3 PUFAs ranging from about 0.01:1 to about 5:1, respectively.

16. Claim 1 of the ’630 Patent recites:

An oral composition comprising a combination of fatty acids, the combination of fatty acids in the oral composition comprising:

(a) omega-3 fatty acids comprising
(i) alpha-linolenic acid (ALA) and
(ii) eicosapentaenoic acid (EPA), docosahexaenoic acid (DHA), or a combination of EPA and DHA;

(b) omega-6 fatty acids comprising linoleic acid; and

(c) omega-9 fatty acids comprising oleic acid;

wherein the oral composition comprises at least 50 mg per standard serving of EPA, DHA, or a combination of EPA and DHA; and

wherein the combination of fatty acids comprises weight ratios of: (i) omega-6 fatty acids to omega-3 fatty acids of from about 1:1 to about 3:1; and (ii) ALA to EPA, DHA, or the combination of EPA and DHA of from about 0.01:1 to about 5:1.

17. Claim 1 of the '594 Patent recites:

A nutritional composition comprising a combination of fatty acids, the combination of fatty acid in the nutritional composition comprising:

(a) omega-3 fatty acid comprising
(i) alpha-linolenic acid (ALA) and
(ii) eicosapentaenoic acid (EPA) docosahexaenoic acid (DHA), or a combination of EPA and DHA;

(b) omega-6 fatty acids comprising linoleic acid; and

(c) omega-9 fatty acids comprising oleic acid;

wherein the composition comprises

(d) at least 50 mg of EPA, DHA, or a combination of EPA and DHA per standard serving; and

wherein the combination of fatty acid comprises weight ratios of:

(e) omega-6 fatty acids to omega-3 fatty acids of from about 1:1 to about 3:1; and

(f) ALA to EPA, DHA or the combination of EPA and DHA of from about 0.01:1 to about 5:1.

18. Claim 12 (from which claim 19 depends) of the '471 Patent states:

A nutritional composition comprising:

a. Water

b. Protein

c. A combination of fatty acids comprising

1. omega-3 fatty acids comprising

(i) alpha-linolenic acid (ALA) and
(ii) eicosapentaenoic acid (EPA), docosahexaenoic acid (DHA), or a combination of EPA and DHA;

2. omega-6 fatty acids comprising linoleic acid; and

3. omega-9 fatty acids comprising oleic acid;

wherein the combination of fatty acids comprises weight ratios of:

d. omega-6 fatty acids to omega-3 fatty acids of from about 1:1 to about 3:1; and

e. ALA to EPA, DHA, or the combination of EPA and DHA of from about 0.01:1 to about 5:1.

19. Claim 19, which depends from claim 12, adds: "The nutritional composition of claim 12, wherein the composition comprises at least about 50 mg of EPA or DHA or a combination of EPA and DHA per standard serving."

20. Independent laboratory analyses show that the Growing Years® milk contains the following fatty acids in the amounts stated:

- alpha-Linolenic acid (ALA) (18:3): 30mg/serving
- Linoleic acid (18:2) (LA): 130mg/serving
- Oleic acid (18:1) (OA): 877mg/serving
- Eicosapentaenoic acid (20:5) (EPA): <5mg/serving
- Docosahexaenoic acid (22:6) (DHA): 55mg/serving

21. These data confirm infringement of claim 1 of the '720 Patent by the Horizon Organic Products, as demonstrated by the following chart:

| Claim Limitation | Infringement |
|---|---|
| A method for making a milk product having enhanced stability and bioavailability of omega-3 polyunsaturated fatty acids (PUFAs), comprising: | To the extent this preamble is limiting, Horizon Organic performs the claimed method for making the claimed milk product which has additional stability and bioavailability of omega-3 polyunsaturated fatty acids (PUFAs) over traditional milk products. |

| Claim Limitation | Infringement |
|---|---|
| a. assembling | Horizon Organic performs the claimed method for making the claimed milk product by assembling the ingredients into the final milk product. |
| a first fatty acid that is a long-chain omega-3 PUFA having at least 20 carbon atoms in its aliphatic tail | Eicosapentaenoic acid (EPA) (20:5) or Docosahexaenoic acid (DHA) (22:6) are fatty acids that are long-chain omega-3 PUFAs having at least 20 carbon atoms in their aliphatic tail. Horizon Organic uses these PUFAs in its Growing Years® products. |
| Milk, which comprises a second fatty acid that is a short-chain omega-3 PUFA having fewer than 20 carbon atoms in its aliphatic tail | alpha-Linolenic acid (ALA) (18:3) is a fatty acid that is a short-chain omega-3 PUFA having fewer than 20 carbon atoms in its aliphatic tail. Horizon Organic uses this PUFA in its Growing Years® products. |
| third fatty acid that is an omega-6 PUFA | Linoleic acid (LA) (18:2) is a fatty acid that is an omega-6 PUFA. Horizon Organic uses this PUFA in its Growing Years® products. |
| a fourth fatty acid that is an omega-9 fatty acid; | Oleic Acid is a fatty acid that is an omega-9 fatty acid. Horizon Organic uses this omega-9 fatty acid in its Growing Years® products. |
| wherein the milk and milk product respectively include at least each of the second, third, and fourth fatty acids; and | All three fatty acids are present. |
| b. adding the respective first, second, third, and fourth fatty acids to the extent necessary, in any order, individually or in combination thereof, to the milk for manufacture of the milk product, in respective amounts to result in the milk product having: | Horizon Organic combines the four fatty acids together to manufacture a milk product having the claimed amounts. |
| at least about 50 mg up to about 130 mg of the long-chain omega-3 PUFAs per standard serving (240 ml) | The Growing Years® products have Docosahexaenoic acid (22:6), which is a long chain omega-3 PUFA, of between 50 and 130 mg/serving. The Growing Years® products |

| Claim Limitation | Infringement |
|---|---|
| | have about 60mg/serving of long-chain omega-3 PUFAs. |
| weight ratios of:<br>omega-6 PUFAs to omega-3 PUFAs ranging from about 0.01:1 to about 2:1, respectively | The Growing Years® products have a weight ratio of omega-6 PUFAs to omega-3 PUFAs ranging from about 0.01:1 to about 2:1, respectively. Based on testing, the weight ratio of omega-6 PUFAs to omega-3 PUFAs in the Growing Years® products is approximately 1.88. |
| short-chain omega-3 PUFAs to long-chain omega-3 PUFAs ranging from about 0.01:1 to about 5:1, respectively | The Growing Years® products have a weight ratio of omega-3 PUFAs to long-chain omega-3 PUFAs ranging from about 0.01:1 to about 5:1, respectively. Based on testing, the weight ratio of short-chain omega-3 PUFAs to long-chain omega-3 PUFAs is approximately 0.55. |

22. Using the same data, dependent claims 2, 3, and 4 of the '720 Patent are also infringed as shown below:

| Claim Limitation | Infringement |
|---|---|
| 2. The method of claim 1, wherein the short-chain omega-3 PUFA is alpha linolenic acid (ALA), the long-chain omega-3 PUFA is eicosapentaenoic acid (EPA), docosahexaenoic acid (DHA), or, if both EPA and DHA are present, EPA and DHA, the omega-6 PUFA is linoleic acid, and the omega-9 fatty acid is oleic acid. | In the Growing Years® milk:<br><br>the short chain PUFA is alpha-Linolenic acid,<br><br>both EPA and DHA are present as long-chain omega-3 PUFAs,<br><br>the omega-6 PUFA is Linoleic acid, and<br><br>oleic acid is present as the omega-9 fatty acid. |
| 3. The method of claim 2, further comprising a step of microencapsulating omega-3 PUFAs or adding one or more antioxidants. | The Growing Years® ingredient label includes Vitamin E (tocopherol) and vitamin C (or ascorbic acid), both of which are anti-oxidants. |

| Claim Limitation | Infringement |
|---|---|
| 4. A milk product manufactured in accordance with the method of claim 3, wherein the milk is sourced from dairy farm animals or vegetative matter processed into plant-based milk. | The Growing Years® ingredient label refers to "organic milk." That is cow's milk. |

23. The data for the Horizon drinkable yogurt and yogurt pouches likewise show (1) the presence of all claimed fatty acids, (2) at least 50 mg/serving of omega-3 PUFAs, (3) an omega-6 to omega-3 ratio of 0.38 and 0.6, respectively, and (4) a short-chain to long chain ratio of 0.06 and 0.13, respectively. Thus, these products infringe claim 1 of the '720 Patent as well.

24. The same independent laboratory analysis also demonstrates infringement of claim 1 of the '630 Patent by the Growing Years® milk.

| Claim Limitation | Infringement |
|---|---|
| An oral composition comprising a combination of fatty acids, the combination of fatty acids in the oral composition comprising: | To the extent this preamble is limiting, the Growing Years® milk is an oral composition comprising a combination of fatty acids, as shown below. |
| a) omega-3 fatty acids comprising (i) alpha-linolenic acid (ALA) and (ii) eicosapentaenoic acid (EPA), docosahexaenoic acid (DHA), or a combination of EPA and DHA; | The Growing Years® milk contains omega-3 fatty acids alpha-linolenic acid (ALA) as well as both eicosapentaenoic acid (EPA) and docosahexaenoic acid (DHA). |
| (b) omega-6 fatty acids comprising linoleic acid; and | The Growing Years® milk contains omega-6 fatty acid linoleic acid. |
| (c) omega-9 fatty acids comprising oleic acid; | The Growing Years® milk contains omega-9 fatty acid oleic acid. |
| wherein the oral composition comprises at least 50 mg per standard serving of EPA, DHA, or a combination of EPA and DHA; and | The Growing Years® milk is an oral composition with at least 50 mg per standard serving of EPA, DHA, or a combination of EPA and DHA. The Growing Years® milk has about 60 mg per serving of a combination of DHA and EPA, according to the analyses performed. |

| Claim Limitation | Infringement |
|---|---|
| wherein the combination of fatty acids comprises weight ratios of: (i) omega-6 fatty acids to omega-3 fatty acids of from about 1:1 to about 3:1; and (ii) ALA to EPA, DHA, or the combination of EPA and DHA of from about 0.01:1 to about 5:1. | The Growing Years® milk has a weight ratio of omega-6 fatty acids to omega-3 fatty acids ranging from about 1:1 to about 3:1 and have a weight ratio of ALA to EPA, DHA, or the combination of EPA and DHA of from about 0.01:1 to about 5:1.<br><br>Based on testing, the weight ratio of omega-6 fatty acids to omega-3 fatty acids is approximately 1.88 and the weight ratio of ALA to EPA, DHA, or the combination of EPA and DHA is approximately 0.55. |

25. The same independent laboratory analysis also demonstrates infringement of claim 1 of the ’594 Patent by the Growing Years® milk.

| Claim Limitation | Infringement |
|---|---|
| A nutritional composition comprising a combination of fatty acids, the combination of fatty acid in the nutritional composition comprising: | To the extent this preamble is limiting, the Growing Years® milk is a nutritional composition comprising a combination of fatty acids, as shown below. |
| a) omega-3 fatty acids comprising<br>(i) alpha-linolenic acid (ALA) and<br>(ii) eicosapentaenoic acid (EPA), docosahexaenoic acid (DHA), or a combination of EPA and DHA; | The Growing Years® milk contains omega-3 fatty acids alpha-linolenic acid (ALA) as well as both eicosapentaenoic acid (EPA) and docosahexaenoic acid (DHA). |
| (b) omega-6 fatty acids comprising linoleic acid; and | The Growing Years® milk contains omega-6 fatty acid linoleic acid. |
| (c) omega-9 fatty acids comprising oleic acid; | The Growing Years® milk contains omega-9 fatty acid oleic acid. |

| Claim Limitation | Infringement |
|---|---|
| wherein the composition comprises<br><br>(d) at least 50 mg of EPA, DHA, or a combination of EPA and DHA per standard serving; and | The Growing Years® milk is a nutritional composition with at least 50 mg per standard serving of EPA, DHA, or a combination of EPA and DHA. The Growing Years® milk has about 60 mg per serving of a combination of DHA and EPA, according to the analyses performed. |
| wherein the combination of fatty acid comprises weight ratios of:<br><br>(e) omega-6 fatty acids to omega-3 fatty acids of from about 1:1 to about 3:1; and<br><br>(f) ALA to EPA, DHA or the combination of EPA and DHA of from about 0.01:1 to about 5:1. | The Growing Years® milk has a combination of fatty acids with a weight ratio of omega-6 fatty acids to omega-3 fatty acids of from about 1:1 to about 3:1, and a weight ratio of ALA to EPA, DHA or the combination of EPA and DHA of from about 0.01:1 to about 5:1<br><br>Based on testing, the weight ratio of omega-6 fatty acids to omega-3 fatty acids is approximately 1.88 and the weight ratio of ALA to EPA, DHA or the combination of EPA and DHA is approximately 0.55. |

26. The data for the Horizon drinkable yogurt and yogurt pouches likewise show (1) the presence of all claimed fatty acids, (2) at least 50 mg/serving of omega-3 PUFAs, (3) an omega-6 to omega-3 ratio of 0.38 and 0.6, respectively, and (4) a short-chain to long chain ratio of 0.06 and 0.13, respectively. Thus, these products infringe claim 1 of the ’594 Patent as well.

27. The same independent laboratory analysis likewise demonstrates infringement of claim 19 of the ’471 Patent by the Growing Years milk.

| Claim Limitation | Infringement |
|---|---|
| [cl. 12] A nutritional composition comprising | To the extent this preamble is limiting, the Growing Years® milk is a nutritional composition. |
| [cl. 12] a. Water<br><br>b. Protein | The Growing Years® milk contains water and protein. |

| Claim Limitation | Infringement |
|---|---|
| [cl. 12] c. A combination of fatty acids comprising<br><br>1. omega-3 fatty acids comprising<br><br>(i) alpha-linolenic acid (ALA) and<br><br>(ii) eicosapentaenoic acid (EPA), docosahexaenoic acid (DHA), or a combination of EPA and DHA; | The Growing Years® milk contains omega-3 fatty acids alpha-linolenic acid (ALA) as well as both eicosapentaenoic acid (EPA) and docosahexaenoic acid (DHA). |
| [cl. 12] 2. omega-6 fatty acids comprising linoleic acid; and | The Growing Years® milk contains omega-6 fatty acid linoleic acid. |
| [cl. 12] 3. omega-9 fatty acids comprising oleic acid; | The Growing Years® milk contains omega-9 fatty acid oleic acid. |
| [cl. 12] wherein the combination of fatty acids comprises weight ratios of:<br><br>d. omega-6 fatty acids to omega-3 fatty acids of from about 1:1 to about 3:1; and<br><br>e. ALA to EPA, DHA, or the combination of EPA and DHA of from about 0.01:1 to about 5:1. | The Growing Years® milk has a combination of fatty acids with a weight ratio of omega-6 fatty acids to omega-3 fatty acids of from about 1:1 to about 3:1 and a weight ratio of ALA to EPA, DHA, or the combination of EPA and DHA of from about 0.01:1 to about 5:1.<br><br>Based on testing, the weight ratio of omega-6 fatty acids to omega-3 fatty acids is approximately 1.88 and the weight ratio of ALA to EPA, DHA, or the combination of EPA and DHA is approximately 0.55. |
| [cl. 19] The nutritional composition of claim 12, wherein the composition comprises at least about 50 mg of EPA or DHA or a combination of EPA and DHA per standard serving. | The Growing Years® milk is a nutritional composition with at least 50 mg per standard serving of EPA, DHA, or a combination of EPA and DHA. The Growing Years® milk has about 60 mg per serving of a combination of DHA and EPA, according to the analyses performed. |

Horizon Organic's Willful Infringement

28. Horizon Organic's infringement of at least the '720 Patent has been intentional, deliberate, and willful. Horizon Organic had pre-suit knowledge of at least the '720 Patent and despite that knowledge, has continued to infringe at least the '720 Patent by using, making, selling, offering for sale, and/or importing into the U.S. the Horizon Organic Products.

29. Horizon Organic has been aware of at least the scope of the '720 Patent's claims since no later than March 2021. On March 13, 2021, after Omega Foods filed the application for the '720 Patent, Omega Foods' counsel sent a letter to internal lawyers at Danone North America ("Danone"), which fully owned Horizon Organic at the time, providing notice to Danone and Horizon Organic of Omega Foods' belief that the Growing Years® milk products may infringe one or more pending claims of the '720 Patent. Omega Foods' counsel attached the '720 Patent's application and expressly stated that the Growing Years® milk products "may infringe one or more" of the pending claims and offered a license to at least the '720 Patent. *See* Exhibit 5. Omega Foods' counsel also invited Danone and Horizon Organic to provide reasons why they felt that a license was unnecessary. *Id*. at 2.

30. On April 12, 2021, Danone's in-house counsel responded asking Omega Foods' counsel to "identify which products you allege infringes [sic] your client's patents." Exhibit 6. Omega Foods' counsel responded on April 13, 2021, listing a dozen Horizon Organic products, including the Growing Years® branded milk products. Exhibit 7. Danone's in-house counsel responded that they would revert after they had a chance to investigate. Exhibit 8. Neither Danone nor Horizon Organic reverted to Omega Foods or its counsel. Neither Danone nor Horizon Organic provided any reasons why a license would be unnecessary. Instead, Horizon Organic continued to

make, use, sell, offer for sale, and/or import its Growing Years® products despite knowledge that those acts would constitute infringement once the ’720 Patent issued.

31. The ’720 Patent issued in May 2026. Upon information and belief, given the explicit and unambiguous statement that the pending claims covered Growing Years® products and therefore infringed, Danone and Horizon Organic monitored prosecution of the ’720 Patent application and were thus aware of the ’720 Patent and its issuance in May 2026. Despite issuance of the ’720 Patent, Horizon Organic has continued to intentionally, deliberately, and willfully infringe at least the ’720 Patent through its Growing Years® products without reaching out to Omega Foods for a license.

32. In addition to Horizon Organic’s actual knowledge of the ’720 Patent, given the explicit and unambiguous statement that the pending claims covered Growing Years® products, to the extent that Horizon Organic chose not to investigate the claims and its potential infringement, such behavior by Horizon Organic constitutes willful blindness. On information and belief, Horizon Organic has deliberately avoided confirming whether its Growing Years® products overlapped with the Asserted Patents’ claims, including the claims of the ’720 Patent. This pattern of deliberate indifference, inaction, and continued commercialization of products embodying the patented inventions, supports a uniform inference of willful infringement.

33. On information and belief, Horizon Organic has not taken any affirmative steps to avoid infringement of any of the Asserted Patents, including and especially the ’720 Patent, even after learning of them. To the contrary, Horizon Organic has continued to commercialize its Growing Years® products.

Count 1: Infringement of U.S. Patent No. 12,635,720

34. Omega Foods restates and incorporates by reference the allegations made in the preceding paragraphs as though fully set forth herein.

35. Horizon Organic has infringed, and is continuing to infringe, literally or under the doctrine of equivalents, at least claims 1, 2, 3, and 4, and 12 of the ’720 Patent by making, using, selling, and/or offering for sale in the United States its Growing Years® milk products in violation of 35 U.S.C. § 271(a). An example of Horizon Organic’s infringement is found in the above chart based on independent laboratory analyses of the Growing Years® milk.

36. Horizon Organic has had knowledge of the ’720 Patent since at least the date of its issuance in May 2026 based on prior communications from Omega Foods’ counsel to Danone, described above. Since then, Horizon Organic has induced infringement of the ’720 Patent by actively encouraging third parties to infringe the asserted claims of the ’720 Patent. On information and belief, such third-party infringers include contract manufacturers, co-packers, and retailers of Horizon Products. Despite knowledge that the Growing Years® products infringe the claims of the ’720 Patent, Horizon Organic intentionally continued to make, sell, and offer for sale these DHA-fortified products. In that sense, Horizon Organic has taken certain affirmative acts—*e.g.*, making, selling, offering for sale, the Growing Years® products by others—to bring out the commission by others of acts of infringement. For example, Horizon Organic actively highlights the enhanced DHA content of its Growing Years® milk products. *See, e.g.*, Horizon Growing Years® Organic Whole Milk for Kids, available at https://horizon.com/organic-dairy-products/growing-years/organic-whole-milk-for-kids (touting that the milk provides 50mg of DHA Omega-3 per serving); About Growing Years® - Organic Milk for Kids, available at https://horizon.com/about-us/organic-milk-for-kids/ (same).

37. On information and belief, Horizon Organic's inducement of third parties occurred after it had actual knowledge of, or was willfully blind to, the '720 Patent. Horizon Organic undertook these affirmative acts with the knowledge that the induced acts constitute infringement of the '720 Patent. The timing of Horizon Organic's conduct and the nature of its continued support to third parties demonstrate specific intent to cause infringement.

38. Further, Horizon Organic's infringement of the '720 Patent has been and continues to be willful, and merits enhanced damages under 35 U.S.C. § 284, as explained above and herein. Horizon Organic had actual knowledge of the patent shortly after its issuance or alternatively was willfully blind to its existence and relevance. Despite this knowledge, Horizon Organic continued to manufacture, market, and sell the Growing Years® milk products. Horizon Organic did not seek a license or other permission from Omega Foods, did not reformulate the products, and did not assert any non-infringement or invalidity positions. Nor did Horizon Organic take any steps to resolve its infringement risk or seek clarification from Omega Foods. These facts, in conjunction with Horizon Organic's failure to act despite repeated indicators of risk, demonstrate that any absence of actual knowledge was the result of willful blindness. Horizon Organic's ongoing commercialization of Growing Years® Horizon Organic Products demonstrates egregious disregard for Omega Foods' patent rights and supports an award of enhanced damages.

39. On information and belief, Horizon Organic will continue to infringe one or more claims of the '720 Patent, unless and until it is enjoined by this Court.

40. Omega Foods will be substantially and irreparably harmed, and will have no adequate remedy at law, if Horizon Organic is not enjoined from infringing the '720 Patent by having manufactured, offering to sell, or selling in the United States, and/or importing into the United States, Horizon Organic Products prior to the expiration of the '720 Patent.

41. Horizon Organic's direct and indirect infringement has damaged Omega Foods in an amount yet to be determined, but at no less than a reasonable royalty.

Count 2: Infringement of U.S. Patent No. 11,490,630

42. Omega Foods restates and incorporates by reference the allegations made in the preceding paragraphs as though fully set forth herein.

43. Horizon Organic has infringed, and is continuing to infringe, literally or under the doctrine of equivalents, at least claim 1 of the '630 Patent by making, using, selling, and/or offering for sale in the United States its Growing Years® Horizon Products in violation of 35 U.S.C. § 271(a). An example of Horizon Organic's infringement is found in the above chart based on independent laboratory analyses of the Growing Years® milk.

44. Horizon Organic has had knowledge of the '630 Patent at least as of the date of this Complaint. Since then, Horizon Organic has induced infringement of the '630 Patent by actively encouraging third parties to infringe the asserted claims of the '630 Patent. On information and belief, such third-party infringers include contract manufacturers, co-packers, and retailers of Horizon Products. Despite knowledge that the Growing Years® products infringe the claims of the '630 Patent, Horizon Organic intentionally continued to make, sell, and offer for sale these DHA-fortified products. In that sense, Horizon Organic has taken certain affirmative acts—*e.g.*, making, selling, offering for sale, the Growing Years® products by others—to bring out the commission by others of acts of infringement. For example, Horizon Organic actively highlights the enhanced DHA content of its Growing Years® milk products. *See, e.g.*, Horizon Growing Years® Organic Whole Milk for Kids, available at https://horizon.com/organic-dairy-products/growing-years/organic-whole-milk-for-kids (touting that the milk provides 50mg of

DHA Omega-3 per serving); About Growing Years® - Organic Milk for Kids, available at https://horizon.com/about-us/organic-milk-for-kids/ (same).

45. On information and belief, Horizon Organic's inducement of third parties occurred after it had actual knowledge of, or was willfully blind to, the '630 Patent. Horizon Organic undertook these affirmative acts with the knowledge that the induced acts constitute infringement of the '630 Patent. The timing of Horizon Organic's conduct and the nature of its continued support to third parties demonstrate specific intent to cause infringement.

46. On information and belief, Horizon Organic will continue to infringe one or more claims of the '630 Patent, unless and until it is enjoined by this Court.

47. Omega Foods will be substantially and irreparably harmed, and will have no adequate remedy at law, if Horizon Organic is not enjoined from infringing the '630 Patent by having manufactured, offering to sell, or selling in the United States, and/or importing into the United States, Horizon Organic Products prior to the expiration of the '630 Patent.

48. Horizon Organic's direct and indirect infringement has damaged Omega Foods in an amount yet to be determined, but at no less than a reasonable royalty.

<u>Count 3: Infringement of U.S. Patent No. 11,589,594</u>

49. Omega Foods restates and incorporates by reference the allegations made in the preceding paragraphs as though fully set forth herein.

50. Horizon Organic has infringed, and is continuing to infringe, literally or under the doctrine of equivalents, at least claim 1 of the '594 Patent by making, using, selling, and/or offering for sale in the United States its Growing Years® Horizon Products in violation of 35 U.S.C. § 271(a). An example of Horizon Organic's infringement is found in the above chart based on independent laboratory analyses of the Growing Years® milk.

51. Horizon Organic has had knowledge of the ’594 Patent at least as of the date of this Complaint. Since then, Horizon Organic has induced infringement of the ’594 Patent by actively encouraging third parties to infringe the asserted claims of the ’594 Patent. On information and belief, such third-party infringers include contract manufacturers, co-packers, and retailers of Horizon Products. Despite knowledge that the Growing Years® products infringe the claims of the ’594 Patent, Horizon Organic intentionally continued to sell and offer for sale these DHA-fortified products. In that sense, Horizon Organic has taken certain affirmative acts—*e.g.*, making, selling, offering for sale, the Growing Years® products by others—to bring out the commission by others of acts of infringement. For example, Horizon Organic actively highlights the enhanced DHA content of its Growing Years® milk products. *See, e.g.*, Horizon Growing Years® Organic Whole Milk for Kids, available at https://horizon.com/organic-dairy-products/growing-years/organic-whole-milk-for-kids (touting that the milk provides 50mg of DHA Omega-3 per serving); About Growing Years® - Organic Milk for Kids, available at https://horizon.com/about-us/organic-milk-for-kids/ (same).

52. On information and belief, Horizon Organic’s inducement of third parties occurred after it had actual knowledge of, or was willfully blind to, the ’594 Patent. Horizon Organic undertook these affirmative acts with the knowledge that the induced acts constitute infringement of the ’594 Patent. The timing of Horizon Organic’s conduct and the nature of its continued support to third parties demonstrate specific intent to cause infringement.

53. On information and belief, Horizon Organic will continue to infringe one or more claims of the ’594 Patent, unless and until it is enjoined by this Court.

54. Omega Foods will be substantially and irreparably harmed, and will have no adequate remedy at law, if Horizon Organic is not enjoined from infringing the ‘594 Patent by

having manufactured, offering to sell, or selling in the United States, and/or importing into the United States, Horizon Organic Products prior to the expiration of the '594 Patent.

55. Horizon Organic's direct and indirect infringement has damaged Omega Foods in an amount yet to be determined, but at no less than a reasonable royalty.

Count 4: Infringement of U.S. Patent No. 11,737,471

56. Omega Foods restates and incorporates by reference the allegations made in the preceding paragraphs as though fully set forth herein.

57. Horizon Organic has infringed, and is continuing to infringe, literally or under the doctrine of equivalents, at least claim 1 of the '471 Patent by making, using, selling, and/or offering for sale in the United States its Growing Years® Horizon Products in violation of 35 U.S.C. § 271(a). An example of Horizon Organic's infringement is found in the above chart based on independent laboratory analyses of the Growing Years® milk.

58. Horizon Organic has had knowledge of the '471 Patent at least as of the date of this Complaint. Since then, Horizon Organic has induced infringement of the '471 Patent by actively encouraging third parties to infringe the asserted claims of the '471 Patent. On information and belief, such third-party infringers include contract manufacturers, co-packers, and retailers of Horizon Products. Despite knowledge that the Growing Years® products infringe the claims of the '471 Patent, Horizon Organic intentionally continued to sell and offer for sale these DHA-fortified products. In that sense, Horizon Organic has taken certain affirmative acts—*e.g.*, making, selling, offering for sale, the Growing Years® products by others—to bring out the commission by others of acts of infringement. For example, Horizon Organic actively highlights the enhanced DHA content of its Growing Years® milk products. *See, e.g.*, Horizon Growing Years® Organic Whole Milk for Kids, available at https://horizon.com/organic-dairy-products/growing-

years/organic-whole-milk-for-kids (touting that the milk provides 50mg of DHA Omega-3 per serving); About Growing Years® - Organic Milk for Kids, available at https://horizon.com/about-us/organic-milk-for-kids/ (same).

59. On information and belief, Horizon Organic's inducement of third parties occurred after it had actual knowledge of, or was willfully blind to, the '471 Patent. Horizon Organic undertook these affirmative acts with the knowledge that the induced acts constitute infringement of the '471 Patent. The timing of Horizon Organic's conduct and the nature of its continued support to third parties demonstrate specific intent to cause infringement.

60. On information and belief, Horizon Organic will continue to infringe one or more claims of the '471 Patent, unless and until it is enjoined by this Court.

61. Omega Foods will be substantially and irreparably harmed, and will have no adequate remedy at law, if Horizon Organic is not enjoined from infringing the '471 Patent by having manufactured, offering to sell, or selling in the United States, and/or importing into the United States, Horizon Products prior to the expiration of the '471 Patent.

62. Horizon Organic's direct and indirect infringement has damaged Omega Foods in an amount yet to be determined, but at no less than a reasonable royalty.

Jury Demand

63. Omega Foods demands a jury trial for all issues deemed to be triable by jury.

Prayer for Relief

Based on the foregoing, Plaintiff Omega Foods respectfully requests that this Court grant the relief set forth below:

a. A judgment that Defendant Horizon Organic its officers, directors, employees, representatives, agents, parents, subsidiaries, affiliates, customers, distributors, suppliers, and

those persons in active concert or participation with any of them, and their successors and assigns, and Horizon Organic Products have directly infringed, either literally or under the doctrine of equivalents, one or more claims of the ’720 Patent, the ’630 Patent, the ’594 Patent, and the ’471 Patent;

b. An order permanently enjoining Defendant Horizon Organic and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, and their successors and assigns, from commercially manufacturing, having manufactured, using, offering to sell, or selling Horizon Products within the United States, or importing Horizon Products into the United States, prior to the expiration date of the Asserted Patents;

c. A judgment that Defendant Horizon Organic has induced infringement of one or more claims of the ’720 Patent, the ’630 Patent, the ’594 Patent, and the ’471 Patent;

d. A judgment that Defendant Horizon Organic has willfully infringed at least the ’720 Patent;

e. A judgment and order requiring Defendant Horizon Organic to pay costs and expenses in this action to Omega Foods;

f. A judgment and order requiring Defendant Horizon Organic to pay Plaintiff Omega Foods damages under 35 U.S.C. § 284, including damages for provisional rights under 35 U.S.C. § 154;

g. A judgment and order awarding Plaintiff Omega Foods enhanced damages under 35 U.S.C. § 284;

h. A judgment and order for an accounting for acts of infringement not presented at trial, including an award of additional damages for such acts of infringement;

i. A judgment and order requiring Defendant Horizon Organic to pay Plaintiff Omega Foods pre-judgment and post-judgment interest on the damages awarded;

j. A judgment and order awarding Plaintiff Omega Foods fees under 35 U.S.C. § 285 if this case is found to be exceptional; and

k. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**SUSMAN GODFREY LLP**

*/s/ John P. Lahad* ________________
John P. Lahad
Susman Godfrey L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
(713) 653-7859
jlahad@susmangodfrey.com
Texas Bar No. 24068095
Admitted to D. Colo.

**WILLIAMS WEESE PEPPLE & FERGUSON**

Ezekiel J. Williams
Williams Weese Pepple & Ferguson
1801 California Street, Suite 3400
Denver, CO 80202
303.861.2828
zwilliams@williamsweese.com